UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Yasin Almadani | Russell Selmont |
| | John Graham |
| | Howard Fredman |
| | Guy Halperin (In House) |

**Proceedings:**     TELEPHONE HEARING ON PAZ DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. [ 34 ], filed February 21, 2020)

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Corbrus, LLC ("Corbrus") filed this action against defendants 8th Bridge Capital, Inc. ("8th Bridge Inc."), 8th Bridge Capital, LLC ("8th Bridge LLC"), Young Hun Kim ("Kim"), Omnia Group, Ltd. ("Omnia Ltd."), Omnia Properties LLC ("Omnia LLC"), David Paz ("Paz"), Jeffer Mangels Butler & Mitchell LLP ("Jeffer Mangels"), Catherine DeBono Holmes ("Holmes"), and Seth James Pardee ("Pardee") on November 30, 2019. Dkt. 1. Corbrus filed a first amended complaint on December 12, 2019. Dkt. 7 ("FAC"). The FAC asserts claims for: (1) fraud and deceit (oppression and malice); (2) fraudulent concealment and constructive fraud (oppression and malice); (3) negligent misrepresentation; (4) breach of fiduciary duty; (5) professional negligence; (6) breach of contract; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See generally Id.

Paz, Omnia Ltd., and Omnia LLC filed a motion to dismiss on February 21, 2020. Dkt. 34 ("Mot."). Corbrus filed an opposition on March 30, 2020. Dkt. 45 ("Opp."). Paz, Omnia Ltd., and Omnia LLC, filed a reply on April 6, 2020. Dkt. 46 ("Reply").

The Court held a hearing on April 20, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

### A.     Collaboration Between Corbrus, 8th Bridge, and the Paz Defendants

Fu-Shen Chang ("Chang") serves as the sole principal of Corbrus, a full-service real estate development and financing company that locates real estate projects for potential foreign investors in connection with the EB-5 immigrant visa program.[1]  FAC ¶¶ 8, 29. The gravamen of Corbrus' claims is that Corbrus entered into a partnership and joint venture with 8th Bridge Inc. and 8th Bridge LLC (collectively, "8th Bridge"), but that after Corbrus "expended significant time and resources," Kim, 8th Bridge, and "the other [d]efendants carried out a scheme to defraud [Corbrus] out its rightful place in the partnership."  FAC ¶¶ 6–7.

Corbrus alleges that between April and June 2015, Corbrus and 8th Bridge discussed collaborating on several projects including real estate projects being developed by Paz and Paz's two companies, Omnia Ltd. and Omnia LLC (Omnia Ltd. and Omnia LLC together, "Omnia") (Paz and Omnia collectively, "the Paz defendants"), in New York City.  FAC ¶ 35.  According to Corbrus, "[b]etween approximately June 17 and 22, 2015," Corbrus and 8th Bridge "agreed in writing to have a joint venture and partnership, which would lend EB-5 funds to various projects including one or more of Paz's projects."  Id. ¶ 36.  Corbrus and 8th Bridge referred to this collaboration as the "Manhattan Real Estate Fund" ("the Manhattan Fund").  Id.  Corbrus avers that "EB-5 investors would fund the Manhattan Fund, and the Manhattan Fund would in turn serve as a lender to Paz and Omnia, and other such projects that the Manhattan Fund partnership would pursue."  Id.  Corbrus and 8th Bridge agreed to be "equal partners in the Manhattan Fund, splitting the proceeds of the first Omnia deal as follows:" (1) "Corbrus would collect 2% of the closing fees and [8th Bridge] would collect 1%;" (2) "Corbrus would be entitled to 20% of the interest accrued for the life of the Manhattan Fund and [8th Bridge] would be entitled to 80% of the interest accrued;" and (3) "[a]ll other compensation, including but not limited to equity, equity reward, or equity-reward-like compensation, would be split equally between Corbrus and [8th Bridge]."  Id. ¶ 37.

Between May and September 2015, Corbrus, 8th Bridge, and Omnia negotiated an agreement whereby Corbrus and 8th Bridge would provide EB-5 financing for Omnia's projects through the Manhattan Fund.  FAC ¶ 39.  Chang, Kim, and Paz agreed that

---

[1]     The EB-5 immigrant program, administered by the United States Citizenship and Immigration Services ("USCIS"), enables foreign investors in qualifying projects to obtain permanent resident status in the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Omnia's Ace Hotel, also referred to as the "Sister City Hotel," would serve as the trio's first collaboration project. Id. According to Corbrus, "[t]he Ace Hotel Project would receive a loan of at least $20 million in EB-5 funds from the Manhattan Fund. Id. Corbrus contends that it subsequently "expended considerable time and effort on the Manhattan Fund on just about every aspect of the project including, *inter alia*, providing advice and expertise, negotiating terms with Paz (Omnia), retaining consultants, working with lawyers and consultants to comply with EB-5 requirements, and managing efforts on the ground in the U.S. coordinating, reviewing, and providing input on the drafting of numerous important documents[.]" FAC ¶ 40. According to Corbrus, it "even developed a robust PowerPoint presentation to help [8th Bridge] and Omnia sell the Ace Hotel Project to investors in China, which they used to sell the project." Id.

### B. 8th Bridge and the Paz Defendants Induce Corbrus to Resign Its Partnership Interest in the Manhattan Fund in October 2015

Corbrus avers that "[b]etween approximately May and September 2015," Kim and Paz "had developed a close relationship and planned on doing future EB-5 projects together as envisioned by the Manhattan Fund partnership between Corbrus and [8th Bridge]." FAC ¶ 46. According to Corbrus, that "relationship was the direct result of Chang's (Corbrus) hard work and hustle in finding the right developer for the Partnership and cultivating the relationship and projects related thereto." Id. Despite Corbrus' contributions, however, Kim and Paz "sought to cut out Chang (Corbrus) and thereby secure for themselves a greater piece of the pie." Id. "The object of the fraud scheme was to cut out Corbrus from the Manhattan Fund Partnership by convincing Chang (Corbrus) that it was better for Corbrus to *not* be a partner on the Manhattan Fund, but to instead be paid as a consultant by Paz on the Omnia side." Id. ¶ 48. By October 2015, Corbrus had resigned its partnership interest in the Manhattan Fund. Id. ¶ 50. "As it turned out, however, the entire discourse by Kim . . . and Paz (Omnia) was a charade and fraud to induce Chang (Corbrus) into giving up Corbrus' partnership place in the Manhattan Fund without any compensation." Id. ¶ 49.

### C. Corbrus' Subsequent Inquiries Regarding its Consulting Agreement with the Paz Defendants

On December 1, 2015, Kim "informed Chang (Corbrus) *for the first time* that the Manhattan Fund EB-5 loan agreement had been fully executed, that Corbrus was not a part of it, . . . and that Corbrus should work directly with Omnia on whatever agreement they would reach." FAC ¶ 50(t). Corbrus alleges that it immediately thereafter "responded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

protesting that Corbrus' resignation from the Manhattan Fund partnership was contingent upon all parties working together to execute Corbrus' protective consulting agreement with Omnia.  No one responded."  Id. ¶ 50(u).  "Instead, . . . Paz (Omnia) proceeded to give Chang (Corbrus) the run-around."  Id.

On November 7, 2017, "Chang (Corbrus) sent Kim . . . an email inquiring about the funding status of the Manhattan Fund EB-5 project(s) with Omnia."  FAC ¶ 52.  Kim responded on November 13, 2017, "refusing to provide any information on the basis of Corbrus' resignation from the Manhattan Fund, which was fraudulently induced by Kim's own scheme."  Id.  On November 20, 2017, "Chang (Corbrus) sent Kim . . . a follow up email reminding Kim of the parties' non-circumvention agreement and partnership along with Kim and Paz's assurances to Chang that Corbrus' interests would be protected."  Id. ¶ 53.  "Kim again refused to provide information on the basis of the fraudulently induced resignation."  Id.

Corbrus emailed Holmes, its attorney at the Jeffer Mangels firm, on September 23, 2018, informing Holmes "that Corbrus believed it had been defrauded by Kim . . . and Paz (Omnia), and requesting all files and communications concerning Jeffer Mangels' work on the Manhattan Fund projects with [8th Bridge] and Omnia."  FAC ¶ 54.  According to Corbrus, "Holmes did not respond" to Corbrus's September 23, 2018 email or to additional emails on September 28, 2018, and on October 10, 2018.  Id.

### D.     Corbrus Receives Information from a Third-Party and Files Suit

Corbrus avers that "[i]t was not until approximately June 2019 that Corbrus was coincidentally provided information by a third party from which Corbrus learned" of the fraud.  FAC ¶ 55.  It thereafter filed this action on November 30, 2019.  See Dkt. 1.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Corbrus asserts claims against the Paz defendants for: (1) fraud and deceit; and (2) negligent misrepresentation.  See FAC.  The Paz defendants argue that Corbrus' claims are time-barred or, in the alternative, fail based on other pleading defects.  See generally Mot.

### A.   Fraud and Deceit Claim

The gravamen of Corbrus' fraud claim is that the Paz defendants "deliberately and fraudulent induced [Corbrus] into a false sense of security to relinquish its rightful partnership position in the Manhattan Fund Companies . . . which . . . constitutes fraud and deceit."  FAC ¶ 72.  Corbrus alleges that "[o]n or about December 1, 2015, after stringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Corbrus along for months through the fraud scheme and immediately after the Manhattan Fund EB-5 loan agreement was fully executed with Corbrus officially cut out, Kim . . . informed Chang (Corbrus) *for the first time* that the Manhattan Fund EB-5 loan agreement had been fully executed, that Corbrus was not a part of it, . . . and that Corbrus should work directly with Omnia on whatever consulting agreement they would reach." FAC ¶ 50(t) (emphasis in original). Accordingly, the Paz defendants argue that Corbrus' fraud claim began to accrue no later than December 1, 2015, and because Corbrus filed this action on November 30, 2019, Corbrus' fraud claim is now time-barred.

"In a federal court proceeding, state law determines when the statute of limitations begins to run on state claims." Soundgarden, et al. v. UMG Recordings, Inc., 19-cv-05449-JAK-JPR, 2020 WL 1815855, at *11 (C.D. Cal. Apr. 6, 2020) (internal citation and alterations omitted). "Under California Code of Civil Procedure § 338, a defrauded party has three years from the occurrence of the fraud to file a civil action against the defrauding party." Manlin v. Ocwen Loan Servicing, LLC, No. 16-cv-06625-AB-KS, 2017 WL 8180779, at *3 (C.D. Cal. Dec. 7, 2017). "Generally, a claim accrues at the time the injury occurs. An exception to this is the discovery rule which postpones accrual of a claim until the plaintiff discovers or has reason to discover the injury. Parrish v. Nat'l Football League Players Ass'n, 534 F. Supp. 2d 1081, 1089 (N.D. Cal. 2007). "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Keilholtz v. Lennox Hearth Prod. Inc., No. 08-cv-00836-CW, 2009 WL 2905960, at *3 (N.D. Cal. Sept. 8, 2009). A party seeking to invoke the delayed discovery rule must, however, establish: (a) lack of knowledge; (b) lack of means of obtaining knowledge such that in the exercise of reasonable diligence, the facts could not have been discovered at an earlier date; and (c) how and when the party actually discovered the fraud." Gen. Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir. 1991).

"A close cousin of the discovery rule is the well accepted principle of fraudulent concealment." Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (1994) (internal citation and alteration omitted). "Succinctly stated, the rule of fraudulent concealment provides that a "defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations." Garamendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030, 1041 (C.D. Cal. 2003) (internal citation and alteration omitted). The party seeking to invoke the doctrine of fraudulent concealment "must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." Cassis v. Sun Life Assurance Co. of Canada (U.S.), No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

17-cv-0148-DOC-KES, 2018 WL 1358971, at *14 (C.D. Cal. Jan. 18, 2018) (internal citation and quotation marks omitted). "A plaintiff must affirmatively excuse his failure to discover the fraud within three years by showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024 (9th Cir. 2008).

Corbrus makes several arguments as to why its fraud and deceit claim is not time-barred. First, Corbrus argues that the statute of limitations did not begin to accrue until, at the earliest, September 23, 2018, or, at the latest, June 2019. Opp. at 16–17. In support of this argument, Corbrus points to the FAC, wherein Corbrus alleges that on "September 23, 2018, Corbrus emailed its attorney Holmes . . . informing Holmes that Corbrus believed it had been defrauded by Kim . . . and Paz (Omnia), and requesting all files and communications concerning Jeffer Mangels' work on the Manhattan Fund projects with [8th Bridge] and Omnia." FAC ¶ 54. Similarly, the FAC alleges that "[i]t was not until approximately June 2019 that Corbrus was coincidentally provided information by a third party" revealing the alleged fraud. Id. ¶ 55.

However, "[g]enerally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005) (internal citation omitted). Here, Corbrus asserts a claim for fraud and deceit against the Paz defendants, and a claim for fraud and deceit "will only lie when one makes a promise of future conduct with no intention, at the time of the promise, of actually performing that promise." Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co., 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000). The gravamen of Corbrus' fraud claim is that in October 2015, 8th Bridge and the Paz defendants induced Corbrus to resign its partnership interest in the Manhattan Fund based on a promise that Corbrus would be awarded a consulting agreement, but that the Paz defendants never intended to, or did, in fact, execute a consulting agreement with Corbrus after Corbrus resigned its partnership interest in the Manhattan Fund on October 25, 2015. See FAC ¶¶ 46–50. Accordingly, the Paz defendants' alleged fraud and deceit was "complete" when they fraudulently induced Corbrus to resign its partnership interest in the Manhattan Fund, which Corbrus did, in fact, do on October 25, 2015.[2]

---

[2]     During the hearing, Corbrus' counsel argued that the Paz defendants' alleged fraud and deceit was not complete until December 2017, at the earliest, because that is the first time that payments from the Paz defendants would have become due to Corbrus pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Having determined that the Paz defendants' alleged fraud and deceit was complete no later than October 25, 2015, the Court next considers whether Corbrus has adequately alleged a basis from which the Court could conclude that Corbrus' fraud claim is not time-barred. Corbrus relies primarily on the discovery rule and the doctrine of fraudulent concealment.[3] "[T]o merit application of the discovery rule or fraudulent concealment tolling, a plaintiff must allege that he exercised due diligence to uncover his injury." Yetter v. Ford Motor Co., No. 19-cv-00877-LHK, 2019 WL 7020348, at *8 (N.D. Cal. Dec. 20, 2019). Here, Corbrus argues that it "has properly alleged that it did not discover the fraud scheme and could not have discovered it through the exercise of reasonable diligence until June 2019[.]" Opp. at 17. That is because "[i]t was not until approximately June 2019 that Corbrus was coincidentally provided information by a third party from which Corbrus learned the true nature of the fraud scheme[.]" Id. at 10. The FAC's allegations belie Corbrus' argument, however.

For example, Corbrus alleges that on October 25, 2015, "induced by Kim . . . and Paz's (Ombia) false promises and assurances, Corbrus sent its lawyers (Holmes, Pardee,

---

to the parties' alleged consulting agreement, and therefore the first time that Corbrus was "injured." However, Corbrus' fraud and deceit claim, as currently alleged in the FAC, indicates that the Paz defendants' alleged fraud "induced [Corbrus] into giving up its partnership place in the Manhattan Fund Companies." FAC ¶ 75; see also id. ¶ 72 ("Defendants deliberately and fraudulently induced [Corbrus] into a false sense of security to relinquish its rightful partnership position in the Manhattan Fund Companies[.]"); FAC at 33 (requesting in prayer for relief "[r]estoration of Corbrus' partnership position in the Manhattan Fund Companies"). Accordingly, contrary to Corbrus' argument, the gravamen of Corbrus' fraud and deceit claim, as currently alleged in the FAC, is that the Paz defendants' alleged fraud injured Corbrus by causing Corbrus to relinquish its partnership interest in the Manhattan Fund, which Corbrus did, in fact, do on October 25, 2015.

[3]      "[T]he fraudulent concealment doctrine and the discovery doctrine are very similar." Migliori v. Boeing N. Am., Inc., 114 F. Supp. 2d 976, 983 (C.D. Cal. 2000). "However, although analogous, the two doctrines constitute separate bases for tolling the statute of limitations." Migliori, 114 F. Supp. 2d at 983. Courts interpreting California law frequently consider the doctrines together. See Rustico v. Intuitive Surgical, Inc., No. 18-CV-02213-LHK, 2019 WL 6912702, at *12 (N.D. Cal. Dec. 19, 2019) ("The discovery rule and fraudulent concealment are 'close cousins' under California law, the Court therefore considers the two doctrines together.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

and Jeffer Mangels) an email stating Corbrus' intention to resign as a Manhattan Fund partner per discussions with 'the project team' (i.e., Kim and Paz)." FAC ¶ 50(l). Corbrus further avers that Kim, Paz, and Chang communicated to Corbrus' attorneys "that as a condition of Corbrus' resignation, the Jeffer Mangels lawyers (Corbrus' lawyers) would need to draft a consulting agreement between Corbrus and Omnia to ensure that Corbrus' compensation due under the Manhattan Fund partnership would remain more or less intact." FAC ¶ 50(l). To that end, on December 1, 2015, after no such consulting agreement had been reached, Corbrus indicated that its "resignation from the Manhattan Fund partnership was contingent upon all parties working together to execute Corbrus' protective consulting agreement with Omnia" but that "[n]o one responded." Id. ¶ 50(u). It is clear, then, that the status of Corbrus' consulting agreement was of critical importance to Corbrus in late 2015.

Yet, it was not until November 7, 2017, that "Chang (Corbrus) sent Kim . . . an email inquiring about the funding status of the Manhattan Fund EB-5 project(s) with Omnia"; until November 13, 2017, when "Kim responded refusing to provide any information on the basis of Corbrus' resignation from the Manhattan Fund"; and until November 20, 2017, when "Chang (Corbrus) sent Kim . . . a follow up email reminding Kim of the parties' non-circumvention agreement and partnership along with Kim and Paz's assurances to Chang that Corbrus' interests would be protected." FAC ¶¶ 52–53. Corbrus does not meaningfully explain the almost *two-year* delay between December 2015, when Corbrus last inquired about the status of its consulting agreement (but did not receive a response), and November 2017, the next time that Corbrus inquired about the Manhattan Fund, Omnia projects, and Corbrus' still, as-of-yet consummated consulting agreement. While Corbrus contends that it "believed that payments would not become due and actual injury would not occur until the Manhattan Fund EB-5 loan was actually funded and disbursed, which, in the normal course, would take approximately two or more years (which would have been approximately December 2017 at the earliest)," see Opp. at 9 (citing FAC ¶ 51), that does not explain why Corbrus justifiably believed that it had any entitlement to those monies given that the Paz defendants never responded to Corbrus' December 2015 inquiry regarding Corbrus' consulting agreement.

To the contrary, Corbrus had reason to investigate the Paz defendants' alleged fraud in inducing Corbrus to resign from the Manhattan Fund when, in December 2015, the Paz defendants failed to acknowledge Corbrus' email regarding "Corbrus' protective consulting agreement with Omnia." FAC ¶ 50(u). See Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110–11 (1988) ("Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

that someone has done something wrong to her. . . . Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights."); Cannon v. Harco Nat'l Ins. Co., No. 09-cv-26-MMA-JMA, 2009 WL 10725673, at *4 (S.D. Cal. July 16, 2009) ("So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her."). Put differently, when Corbrus resigned its partnership interest in the Manhattan Fund in October 2015 based on the Paz defendants' alleged representations that the Paz defendants would compensate Corbrus by executing a consulting agreement with Corbrus, the Paz defendants' *failure to respond* to Corbrus' December 2015 inquiries on the subject should have placed Corbrus on notice that something was potentially amiss. See Greenberg v. RiverSource Life Ins. Co., No. 12-cv-00552 WHA, 2012 WL 1155381, at *2 (N.D. Cal. Apr. 5, 2012) ("The statute commences to run . . . after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry."). Corbrus' failure to follow up until at least November 2017, almost *two years later*, does not satisfy Corbrus' obligation to exercise the due diligence necessary for Corbrus to avail itself of the discovery rule or of fraudulent concealment tolling. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1054 (9th Cir. 2008) ("Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation."). Nor does Corbrus' filing suit in November 2019, almost *four years later*, serve the policy reasons animating California's three-year statute of limitations governing fraud claims. See Stockton Citizens for Sensible Planning v. City of Stockton, 48 Cal. 4th 481, 499 (2010) ("[T]he purposes of statutes of limitations are to prevent stale claims, give stability to transactions, protect settled expectations, promote diligence, encourage the prompt enforcement of substantive law, and reduce the volume of litigation.").

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

In accordance with the foregoing, the Court concludes that Corbrus' fraud and deceit claim is time-barred.[4]  The Court therefore **DISMISSES** Corbrus' fraud and deceit claim **without prejudice**.[5]

### B.   Negligent Misrepresentation

Corbrus also asserts a claim for negligent misrepresentation against the Paz defendants.  See FAC ¶¶ 87–92.  The gravamen of Corbrus' negligent misrepresentation claim is that the Paz defendants' "negligent misrepresentations and negligent material omissions induced [Corbrus] to relinquish its rightful partnership position in the Manhattan Fund Companies[.]"  Id. ¶ 91.  Pursuant to California law, a "negligent misrepresentation claim has either a two- or three-year statute of limitations."  Fanucci v. Allstate Ins. Co., 638 F. Supp. 2d 1125, 11331 n.5 (N.D. Cal. 2009).

Corbrus' negligent misrepresentation claim is premised on the same allegations which form the basis for Corbrus' time-barred fraud and deceit claim against the Paz defendants, and the Court's reasoning with respect to the statute of limitations therefore applies equally here.  And, since the Court has already determined that Corbrus' fraud and deceit claim against the Paz defendants, which has a three-year statute of limitations period,

---

[4]      Corbrus relies on the Court's opinion in Waldrup v. Countrywide Fin. Corp., No. 2:13-cv-08833-CAS, 2014 WL 1463881, (C.D. Cal. Apr. 14, 2014) and the Ninth Circuit's opinion in Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105 (9th Cir.1999) for the proposition that the applicability of the discovery rule and fraudulent concealment "must be decided by a jury and is not even appropriate for summary judgment, let alone a motion to dismiss."  Opp. at 1, 18.  However, "[t]he statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint."  Apple Inc. v. Allan & Assocs. Ltd., No. 5:19-cv-8372-EJD, 2020 WL 1492665, at *9 (N.D. Cal. Mar. 27, 2020); accord Yamauchi v. Cotterman, 84 F. Supp. 3d 993, 1004 (N.D. Cal. 2015) ("A plaintiff fails to state a claim, and therefore dismissal is appropriate, where his failure to comply with the applicable statute of limitations is evident from the allegations of the complaint.").  Because the FAC does not include allegations from which the Court can conclude that Corbrus' fraud and deceit claim is *not* time-barred, dismissal on statute of limitation grounds, at the pleading stage, is appropriate here.

[5]      Because the Court concludes that the FAC fails to state a claim for fraud and deceit based on statute of limitations grounds, the Court does not reach the Paz defendants' alternative arguments based on Rule 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | April 20, 2020 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. |

is time-barred, the Court likewise finds that Corbrus' negligent misrepresentation claim against the Paz defendants, based on the same allegations, is likewise time-barred under either the two-year or three-year statute of limitations periods which govern negligent misrepresentations claims.[6]

Accordingly, the Court **DISMISSES** Corbrus' negligent misrepresentation claim against the Paz defendants **without prejudice**.[7]

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Paz defendants' motion to dismiss.  The Court therefore **DISMISSES** Corbrus' fraud and deceit and negligent misrepresentation claims against the Paz defendants **without prejudice**.  Corbrus shall file a second amended complaint **within thirty (30) days.**

IT IS SO ORDERED.

| | 00 | : | 24 |
| Initials of Preparer | | CMJ | |

---

[6]     Corbrus indicates that "[t]he statute of limitations for negligent misrepresentation is two years."  Opp. at 15.  However, courts have applied either a two-year or three-year statute of limitations period to negligent misrepresentation claims depending on the nature of the allegations which form the basis for the negligent misrepresentation claim.  See Ferguson v. JPMorgan Chase Bank, N.A., No. 2:14-cv-00328-KJM, 2014 WL 2118527, at *6 (E.D. Cal. May 21, 2014).

[7]     Because the Court concludes that Corbrus' negligent misrepresentation claim is time-barred, the Court does not reach the Paz defendants' alternative arguments that Corbrus' negligent misrepresentation claim fails on the merits or based on pleading defects.