UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:17-cv-08958-CAS(AFMx)<br>2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL.<br>CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - JOINT STIPULATION TO CONTINUE CHOI TRIAL (Dkt. [ 198 ], filed July 27, 2020)

DEFENDANTS' MOTION TO CONSOLIDATE CHOI AND CORBRUS ACTIONS (Dkt. [ 108 ], filed January 27, 2020)

## I.   JOINT STIPULATION TO CONTINUE CHOI TRIAL

On July 27, 2020, plaintiffs Moses Choi ("Choi") and Southeast Regional Center, LLC ("SRC") (collectively, "the Choi plaintiffs"), and defendants 8th Bridge Capital, Inc.; 8th Bridge Capital, LLC; Young Hun Kim ("Kim"); Manhattan Real Estate Fund GP, LLC; Manhattan Real Estate Fund, LP; Manhattan Real Estate Fund II, LP; Manhattan Real Estate Equity Fund, LP; and Patrick Jongwon Chang ("the Choi defendants") filed a joint stipulation to continue the November 3, 2020 trial to May 18, 2021.[1] Dkt. 198. The parties aver that a continuance is appropriate so that: (1) the parties can wait until the end of the calendar year to obtain "updated projections [that] would reflect the financial impact of the Covid-19 pandemic on the parties" which "would be significant and would serve the aim of promoting settlement"; and (2) the parties "may pursue further settlement efforts with Magistrate Judge Standish in March 2021, after the 2020 financial results have been finalized and the parties' expert reports have been exchanged." Id. at 3–4.

"A district court has 'broad discretion' to grant or deny a continuance." United States v. Kloehn, 620 F.3d 1122, 1126 (9th Cir. 2010). Accordingly, a district court's order granting or denying a continuance "will not be disturbed on appeal absent clear abuse of

---

[1] For the sake of clarity and convenience, the Court refers to the record and docket in Moses Choi et al. v. 8th Bridge Capital, Inc. et al., 2:17-cv-08958-CAS-AFMx (C.D. Cal.), unless otherwise specified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx) <br> 2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL. <br> CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

that discretion." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). "An abuse of discretion will be found only where denial of the continuance was arbitrary or unreasonable." United States v. de Cruz, 82 F.3d 856, 860 (9th Cir. 1996) (internal citation omitted). "In determining whether the denial of a continuance is an abuse of discretion in civil proceedings, the federal courts often have applied standards established in the context of the criminal law." Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2352 (3d ed.). Ultimately, "[w]hether the district court abused its discretion" in denying a request to continue a trial "depends on the facts of each case. United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cty., State of Cal., 791 F.2d 666, 670 (9th Cir. 1985).

Here, at the request of the parties, the Court has already continued trial in the Choi action on a number of occasions. For example, during the August 13, 2018 scheduling conference, the Court originally set trial for October 15, 2019. Dkt. 60. The parties then stipulated to continue the trial on February 25, 2019. Dkt. 72. Pursuant to the parties' first stipulation, the Court continued the trial to February 25, 2020. Dkts. 74, 80. On September 24, 2019, the Choi plaintiffs filed an *ex parte* application to modify the scheduling order and continue the February 25, 2020 trial by "at least" 60 days. Dkt. 81. In response, the Choi defendants opposed continuing the trial by 60 days, but indicated that they "are fine with continuing the Trial Date 30-45 days." Dkt. 83 at 4. Accordingly, on October 7, 2019, the Court subsequently continued trial in the Choi matter to April 7, 2020. Dkt. 88 at 5. On February 10, 2020, the Choi defendants filed an *ex parte* application to continue the April 7, 2020 trial date while they pursued a miscellaneous action in the United States District Court for the Northern District of Georgia to enforce a third-party subpoena. Dkt. 131. On February 24, 2020, the Court continued the April 7, 2020 trial to August 11, 2020. Dkt. 160. On April 7, 2020, the parties jointly stipulated—and the Court agreed—to continue the trial to November 3, 2020. Dkts. 180, 181. During the July 13, 2020 hearing on the Choi plaintiffs' motion for leave to file an amended complaint with new claims against additional parties, the parties each made oral requests to continue the November 3, 2020 trial, which the Court denied. Dkt. 194.

At bottom, the parties fail to meaningfully explain why they cannot pursue settlement—using projections that predict the parties' anticipated financial conditions through the end of 2020—in a manner that does not require further delay of trial. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (determining that a party seeking a continuance must establish "mandatory . . . element" which "requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx)<br>2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL.<br>CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

demonstration of prejudice" in absence of continuance). Moreover, the fact that the Court has already continued the trial four times further weighs against another continuance. See Danjaq, 263 F.3d at 961 (finding that district court properly exercised its discretion in denying request for continuance because continuance would result in "inconvenience to the court" and "repeated delays"); accord Grunewald v. Missouri Pac. R. Co., 331 F.2d 983, 987 (8th Cir. 1964) (concluding that district court properly denied request for continuance of trial where, *inter alia*, the "case was set five times for trial and a sixth date was requested."). For these reasons, the Court **DENIES** the parties' request to continue the November 3, 2020 trial to May 18, 2021.

The parties' joint stipulation requests, in the alternative, that "[i]f the trial date is not continued," the Court set the following dates: (1) September 18, 2020, as the deadline for the exchange of expert rebuttal reports; and (2) October 9, 2020, as the expert discovery cut-off. Dkt. 198. The Court **GRANTS** the parties' stipulation to the extent that they seek to set September 18, 2020, as the deadline for the exchange of expert rebuttal reports and October 9, 2020, as the expert discovery cut-off.

Finally, the parties' joint stipulation also requests that the parties be able "to conduct the remaining depositions in this case remotely pursuant to Rule 30(b) . . . due to the COVID-19 pandemic[.]" Dkt. 198. The parties set forth specific "procedures for such remote depositions." Id. The Court **GRANTS** the parties' stipulation to conduct remote depositions pursuant to the parties' agreed-upon protocol.

## II. CHOI DEFENDANTS' MOTION TO CONSOLIDATE CHOI AND CORBRUS ACTIONS

On January 27, 2020, the Choi defendants filed a motion to consolidate the Choi action with Corbrus, LLC v. 8th Bridge Capital, Inc. et al., 2:19-cv-10182-CAS-AFMx (C.D. Cal.) ("the Corbrus action"). Dkt. 108 ("Mot."). The gravamen of Corbrus, LLC's ("Corbrus") claims is that: (1) Corbrus partnered with Kim and Kim's 8th Bridge companies to raise funds from foreign EB-5 investors to provide loans to David Paz and Paz's Omnia companies ("the Paz defendants") for the Ace Hotel project in New York City; (2) Kim, Paz, and their respective companies fraudulently induced Corbrus to resign Corbrus' partnership interest; and (3) Corbrus' former counsel at the Jeffer Mangels law firm ("the Jeffer Mangels defendants") was complicit in Kim and Paz's scheme, committed legal malpractice, and breached its fiduciary duty as Corbrus' former counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx)<br>2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL.<br>CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

On January 29, 2020, the Paz defendants in the Corbrus action filed an opposition in the Choi action, opposing the Choi defendants' motion to consolidate the two cases. Dkt. 112 ("Paz Opp."). The Jeffer Mangels defendants in the Corbrus action filed an opposition on January 30, 2020. Dkt. 114 ("Jeffer Mangels Opp."). The Choi plaintiffs and Corbrus each filed an opposition on February 3, 2020. Dkts. 117 ("Choi Opp."), 118 ("Corbrus Opp."). The Choi defendants filed a reply on February 10, 2020. Dkt. 135 ("Reply").

The Court held a hearing on the Choi defendants' motion to consolidate on February 24, 2020. Dkt. 160. During the hearing, Corbrus' counsel indicated that Corbrus no longer opposed consolidation. The Court deferred ruling on the Choi defendants' motion to consolidate the Choi and Corbrus actions pending the adjudication of additional, anticipated motions in each case.[2]

Rule 42(a) permits the Court to consolidate actions involving a common question of law or fact. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv-02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

On balance, the Court concludes that consolidation best serves the interests of judicial economy, promotes the efficient resolution of the parties' disputes, and conserves

---

[2] The Court denied the parties' cross-motions for summary judgment in the Choi action on March 25, 2020. Dkt. 179. In the Corbrus action, the Court: (1) dismissed without prejudice the claims in Corbrus' first amended complaint, as against the Paz defendants only, on April 20, 2020; (2) compelled arbitration of Corbrus' claims against the Jeffer Mangels defendants on May 4, 2020, staying further proceedings as to the Jeffer Mangels defendants pending the completion of arbitration; and (3) granted in part and denied in part the Paz defendants' motion to dismiss the claims in Corbrus' second amended complaint, as against the Paz defendants only, on July 27, 2020. Corbrus, Dkts. 51, 53, 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx) <br> 2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL. <br> CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

the parties'—and the Court's—resources. The Choi and Corbrus actions present common questions of fact and law, including, *inter alia*: (1) whether Kim and his 8th Bridge companies entered into one or more enforceable joint venture or partnership agreements regarding the Ace Hotel Project; (2) whether Kim and his 8th Bridge companies breached the terms of any such agreement; and (3) whether any party has any claim to proceeds that Kim and his 8th Bridge companies derived from the Ace Hotel project.[3] See Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht, No. 06-cv-07274-EMC, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007) ("A common question or questions do not have to predominate. All that is required is that the district court find they exist and that consolidation will prove beneficial.") (internal citation omitted).

Moreover, in determining whether consolidation is appropriate, the Court may consider whether "consolidation will reduce the risk of conflicting judgments[.]" Sullivan v. Lumber Liquidators, Inc., No. 2:13-cv-00070-GMN, 2013 WL 4049102, at *2 (D. Nev. Aug. 9, 2013). Here, the Choi plaintiffs and Corbrus both claim an entitlement to funds that Kim and his 8th Bridge companies derived from the Ace Hotel project—allowing the same finder of fact determine Corbrus' and the Choi plaintiffs' respective rights to these monies best reduces the risk of inconsistent judgments.[4] And, allowing the same finder of fact to determine, Corbrus' and the Choi plaintiffs' respective rights to these funds best protects against duplication of labor. See Aroche v. Park, No. 17-cv-00367-JGB-KK, 2017

---

[3] Although Corbrus does not directly assert any claims against the Choi plaintiffs in the Corbrus action, there is considerable overlap between the two cases that favors consolidation. For example, Corbrus asserts a claim against Kim and the 8th Bridge defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See Dkt. 55 ("Corbrus SAC") ¶¶ 181–88. In support of its RICO claim, Corbrus expressly "incorporate[s] by reference" the Choi plaintiffs' first amended complaint in an attempt to establish that Kim's 8th Bridge companies are an "enterprise" that is "engaged in a pattern of racketeering[.]" Id. ¶¶ 186–87. Corbrus' RICO claim, then, necessarily relies, in part, on Kim's and his 8th Bridge companies' conduct vis-à-vis the Choi plaintiffs.

[4] Kim and his 8th Bridge companies filed a third-party complaint against the Choi plaintiffs in the Corbrus action, seeking declaratory relief and "an order determining the respective rights and interests of 8th Bridge, SRC and Corbrus with respect to 8th Bridge's Ace Profits and the Manhattan Fund companies[.]" Dkt. 54 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx)<br>2:19-cv-10182-CAS(AFMx) | Date | July 30, 2020 |
| Title | MOSES CHOI ET AL v. 8TH BRIDGE CAPITAL, INC. ET AL.<br>CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

WL 2857525, at *7 (C.D. Cal. June 5, 2017) (determining that "avoidance of adjudication of same questions posed between multiple cases promotes judicial efficiency and avoids duplicative litigation" and "thus, weighs in favor of consolidation.").

The Court recognizes that the parties and claims in the Choi and Corbrus actions are not identical—the Paz defendants and the Jeffer Mangels defendants are parties in the Corbrus action but not in the Choi action, while Patrick Jongwon Chang is a party in the Choi action but not in the Corbrus action. Accordingly, "there is some possibility of [juror] confusion among the relationships with various parties." Dusky v. Bellasaire Investments, No. 07-cv-00874-DOC, 2007 WL 4403985, at *5 (C.D. Cal. Dec. 4, 2007). However, "[c]onsolidation is not limited to actions involving identical parties[.]" Attala Hydratane Gas, Inc. v. Lowry Tims Co., 41 F.R.D. 164, 165 (N.D. Miss. 1966). And, any risk of confusion can be minimized "by properly structuring argument and instructing the jury." Dusky, 2007 WL 4403985, at *5.

"Ultimately, the decision whether to consolidate rests in the Court's sound discretion." Dusky, 2007 WL 4403985, at *2. Because the benefits of consolidation—including the resulting savings in judicial economy and efficiency and preventing inconsistent judgments—outweigh any risk of juror confusion or prejudice to the parties, the Court **CONSOLIDATES** the Choi and Corbrus actions for trial on November 3, 2020.[5] In addition, the Court **ORDERS** that Corbrus file a report, **not to exceed five (5) pages**, on or before August 7, 2020, indicating: (1) whether Corbrus can bring all of its claims to trial on November 3, 2020; and (2) if Corbrus cannot bring its claims to trial on November 3, 2020, the earliest possible time at which Corbrus will be able to do so.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[5] To the extent that federal, state, and local elections are set to occur on November 3, 2020, the Court will not empanel jurors or conduct *voir dire* until November 4, 2020.