UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - THIRD PARTY DEFENDANTS' MOTION TO DISMISS (Dkt. 83, filed January 11, 2021)

THIRD PARTY DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (Dkt. 84, filed January 11, 2021)

## I.  INTRODUCTION

The Court previously set out the factual and procedural background of this case in its April 20, 2020 order, dkt. 51 ("MTD Order"), its May 4, 2020 order, dkt. 53 ("Arbitration Order"), and its July 27, 2020 order. Dkt. 70 ("MTD SAC Order"). For that reason, the Court only sets forth those facts necessary to resolve third party defendants Moises Choi ("Choi") and Southeast Regional Center, LLC's ("SRC") (collectively, the "Choi parties") motion to dismiss the first amended third party complaint and motion for Rule 11 sanctions.

Plaintiff Corbrus, LLC ("Corbrus") filed this action against defendants Young Hun Kim ("Kim"), 8th Bridge Capital, Inc., and 8th Bridge Capital, LLC (collectively, the "Kim parties") and a number of other defendants on November 30, 2019. Dkt. 1. On July 30, 2020, the Court consolidated this action for trial with the Choi parties' first-filed action (the "Choi action"). Dkt. 71; see also Case No. 2:17-cv-08958 ("Choi dkt."), dkt. 199.

Corbrus filed a first amended complaint in this action on December 12, 2019. Dkt. 7. The Kim parties answered on February 24, 2020, dkts. 36-38, and filed a third party complaint against the Choi parties the same day. Dkt. 39. In the operative first amended

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

third party complaint, filed May 8, 2020, the Kim parties assert a single claim for declaratory relief against the Choi parties.[1] Dkt. 54 ("FATPC").

Corbrus subsequently filed its operative second amended complaint on May 20, 2020, asserting a total of 15 claims for relief. Dkt. 55 ("SAC").

On January 11, 2021, the Choi parties filed a motion to dismiss the first amended third party complaint. Dkt. 83 ("MTD"). On January 18, 2021, the Kim parties filed an opposition. Dkt. 89 ("MTD Opp'n"). The Choi parties filed a reply on January 25, 2021. Dkt. 92 ("MTD Reply").

Also on January 11, 2021, the Choi parties filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 against counsel for the Kim parties. Dkt. 84 ("Mot. for Sanctions"). The Kim parties filed an opposition to the motion for sanctions on January 18, 2021. Dkt. 88 ("Sanctions Opp'n"). The Choi parties filed supplemental declaration in support of the motion for sanctions on January 25, 2021. Dkt. 93.

The Court held a hearing on February 8, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Corbrus' Second Amended Complaint

As relevant to the present motion, Corbrus' second amended complaint alleges that in 2015, its principal, Fu-Shen Chang ("Chang"), entered into a partnership, known as "the Manhattan Fund," with Kim and Kim's 8th Bridge companies, to provide EB-5 financing for real estate projects being developed by defendants David Paz ("Paz"), Omnia Group, Ltd., and Omnia Properties, LLC (collectively, the "Paz defendants"), including the Ace Hotel in New York City. See generally SAC. The SAC alleges that Corbrus and 8th Bridge entered into two non-disclosure and non-circumvention agreements in April 2015, each of which allegedly prohibited Corbrus and 8th Bridge from "taking actions for the purpose of avoiding payment to one another for projects and joint ventures" covered by those agreements. Id. ¶¶ 31-34. Corbrus alleges that in June 2015, Corbrus and 8th Bridge "agreed in writing to a joint venture and partnership" called the Manhattan Fund, "which would lend EB-5 funds to various projects" including projects pursued by the Paz

---

[1] The Choi parties represented at a hearing held January 25, 2021 that they have never been served with the first amended third party complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

defendants. Id. ¶ 36. The SAC alleges that Corbrus and 8th Bridge "agreed to be equal partners in the Manhattan Fund" and that all equity compensation to the Manhattan Fund "would be split equally between Corbrus and [8th Bridge]." Id. ¶ 37. According to Corbrus' allegations, however, Kim and Paz fraudulently induced Corbrus to resign its partnership interest in the Manhattan Fund in October 2015, after representing that Corbrus would be made whole with respect to its interest in the Manhattan Fund through a consulting agreement. Id. ¶¶ 54-55. Corbrus seeks damages and equitable relief including disgorgement of assets owned by the Manhattan Fund.[2] Id. at Prayer for Relief.

### B. Kim Parties' First Amended Third Party Complaint

The first amended third party complaint alleges a single claim against the Choi parties for declaratory relief determining the respective rights and interests of 8th Bridge, Corbrus, and SRC in the Manhattan Fund. See generally FATPC. The operative first amended complaint in the Choi action appears to allege that Choi and Kim entered into a joint venture agreement on October 6, 2015, whereby the Choi and Kim parties would "share[] profits through a holding company," the Manhattan Fund, derived from EB-5 projects including the development of the Ace Hotel in New York City (the "Kim-Choi joint venture agreement").[3] Choi dkt. 8 ¶ 41. As such, the Kim parties allege in the first amended third party complaint that that the Choi action "seeks damages based on the underlying allegations that SRC is entitled to 50% of all compensation received by 8th Bridge from the Ace Hotel Project and/or Manhattan Fund Companies," as well as a declaratory judgment that SBC and 8th Bridge formed a joint venture to pursue EB-5 projects. FATPC ¶ 8.

The Kim parties deny having formed any enforceable joint venture agreement with Corbrus or with the Choi parties. Id. ¶ 10. However the Kim parties allege that at the time

---

[2] The first amended third party complaint accurately alleges that Corbrus' then-operative first amended complaint sought relief including "restoration of Corbrus' partnership position in the Manhattan Fund Companies […] as well as disgorgement of those assets." FATPC ¶ 7. However, Corbrus' subsequently filed SAC does not pray for restoration of Corbrus' partnership position. See generally SAC.

[3] At oral argument, the Choi parties argued that they do not contend that the terms alleged in paragraph 41 of their first amended complaint constitute the final terms under which the Choi and Kim parties "orally and impliedly formed an association," as alleged in paragraph 82 of the first amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

when the Choi parties purport to have entered into the Kim-Choi joint venture agreement with 8th Bridge, in October 2015, the Choi parties were "aware of Corbrus' alleged joint venture with 8th Bridge and/or that Corbrus may have or make some claim to 8th Bridge's Ace profits or the Manhattan Fund Companies." Id. ¶ 9. The Kim parties allege that in September or October 2015, Kim informed Choi that 8th Bridge and Corbrus had formed a previous joint venture relating to the Ace hotel project and that in October or November 2015, Kim further informed Choi that Corbrus had resigned from the joint venture agreement. Id. The Kim parties allege that Choi was subsequently informed by Kim that Corbrus was "trying to rescind their resignation of the joint venture or otherwise reinstate their previous position" with respect to the Ace Hotel project and that Choi then "encourage[d] Kim to push back against [Corbrus] if they intended to fight [and] volunteered to help with the fight if need be." Id. Choi was allegedly concerned that Kim would otherwise choose to work on the Ace Hotel project with Corbrus instead of the Choi parties. Id.

As such, the Kim parties allege that Corbrus' financial interest in the Manhattan Fund's profits from the Ace Hotel project pre-dates the Choi parties alleged 50% interest in the same profits. Id. ¶ 10. To the extent that the Court determines that one or more enforceable joint venture agreements existed between the parties, the Kim parties request that the Court issue an order declaring the parties' respective rights to 8th Bridge's Ace Hotel project profits. Id. at Prayer for Relief. Further, the Kim parties seek an order requiring SRC to remit money awarded to it in the Choi action should Corbrus prevail on its claims in this action, "such that SRC and 8th Bridge are each left with the same percentage of net profits" from the Ace Hotel project. Id.

### III.   LEGAL STANDARDS

#### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

### C. Rule 11(b)

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note). Instead, "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

## IV. DISCUSSION

### A. Motion to Dismiss

The Kim parties allege that they are entitled to declaratory relief as to the respective rights and interests of the Kim, Choi, and Corbrus parties in the profits derived by 8th Bridge and the Manhattan Fund from the Ace Hotel project. The Choi parties move to dismiss the first amended third party complaint in its entirety, arguing that that the Kim parties have failed to allege the existence of a justiciable "case of actual controversy" regarding the parties' relative entitlement to profits from the Ace Hotel project, such that a right to declaratory relief exists pursuant to the Declaratory Judgment Act. MTD at 5; see also 28 U.S.C. § 2201.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," any federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts" such that parties may "determine whether they have any legal obligations to their potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

adversaries." Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

The Choi parties argue that the first amended third party complaint fails to allege a justiciable case or controversy between Corbrus, the Kim parties, and the Choi parties because, contrary to the Kim parties' allegations, the Choi parties are not seeking to establish an equitable claim to profits from the Ace Hotel Project. MTD at 2. Instead, the Choi parties argue that they have disclaimed their equitable claims and now seek only damages resulting from the Kim parties alleged breach of the Kim-Choi joint venture agreement, "as measured by the Choi Parties own expected share in profits from their venture with the Kim parties" and not as a percentage of the Kim parties' net profit from the Ace Hotel project.[4] Id. at 2-3 (citing Choi dkt. 179 at 9 (recognizing dismissal of equitable claims)). The Choi parties contend, relying on California Court of Appeal's decision in Gherman v. Colburn, that their remaining damages claims against the Kim parties are independent of any competing claims by Corbrus against the Kim parties because an accounting of profits is no longer relevant once plaintiffs elect a damages remedy. 72 Cal. App. 3d 544, 564-565 (1977). Accordingly, the Choi parties urge the Court to find that there is no justiciable controversy that supports declaratory relief as to how funds should be distributed between the parties to the consolidated actions. MTD at 5.

---

[4] Despite premising their motion to dismiss on the argument that the Choi parties "seek monetary damages for their losses from the Kim Parties' breach and fraudulent acts, having elected this remedy," MTD at 2 (emphasis in original), the Choi parties asserted at oral argument that they have not disclaimed their prayer for imposition of a constructive trust in connection with their seventh claim for relief for conversion. See Choi dkt. 8 ¶ 132. Following the hearing, the Choi parties submitted a request to modify the Court's tentative order, stating that they have disclaimed only their equitable claims "seeking dissolution, an accounting, and a receivership." Dkt. 97 at 2. While the Court declines to amend the language of its order, it acknowledges that the Choi parties claim to have reserved their request for imposition of a constructive trust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

In opposition, the Kim parties argue that they have sufficiently alleged that the Choi parties and Corbrus "are claiming irreconcilable interests in the same Ace profits and funds," such that a declaratory judgment as to the parties' relative interests is appropriate. MTD Opp'n at 4-5. The Kim parties argue that they have pled that the Choi parties knew of Corbrus' preexisting interest in sharing profits from the Ace Hotel project with 8th Bridge before entering the Kim-Choi joint venture agreement to share profits from the Ace Hotel project between 8th Bridge and SBC. As such, the Kim parties contend that the Choi parties claim for damages resulting from the Kim parties' alleged breach of the agreement "is intertwined with and dependent on whether Corbrus is entitled to any portion" of the Kim parties' profits from the Ace Hotel project.[5] Id. at 7. The Kim parties further argue that the Choi parties' claim to compensatory damages resulting from a breach of the Kim-Choi joint venture agreement is dependent on the terms of that agreement—which allegedly entitled the Choi parties to a share of profits—in support of their argument that "Choi and Corbrus are both claiming an overlapping ownership interest in the Ace profits." Id. at 10.

At this preliminary stage, the Court concludes that the Kim parties have sufficiently pled that there exists an actual, substantial controversy between Corbrus, the Kim parties, and the Choi parties regarding those parties' potentially adverse contractual interests in profits derived from the Ace Hotel project. Specifically, the Kim parties have pled facts sufficient to allege that the Choi parties took their interest in profits from Ace Hotel project subject to Corbrus' preexisting interest in the same project, such that there is a sufficiently immediate potential conflict between Corbrus' contractual interest in profits derived from the Ace Hotel project and the Choi parties interest in compensatory damages assessed for breach of contract on those profits. The first amended third party complaint alleges that the Choi parties and the Kim parties formed a joint venture that entitled each to "50% of all compensation received by 8th Bridge from the Ace Hotel Project." FATPC ¶ 8. The Kim parties have further alleged that at the time the Kim-Choi joint venture was allegedly formed, the Choi parties knew that Corbrus had potential pre-existing claims to the profit

---

[5] The Kim parties' opposition briefing makes repeated reference to the Choi parties' responses to discovery propounded in the Choi action. See MTD Opp'n at 7-8. The Court may not consider facts outside the complaint, such as discovery materials, in ruling on a motion to dismiss. Accordingly, the Court disregards those discovery responses and all references to the same in deciding the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:19-cv-10182-CAS(AFMx) | | Date | February 9, 2021 |
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | | |

that 8th Bridge would receive from the Ace Hotel project, meaning that Corbrus might take its share before the Kim and Choi parties divided the remaining funds. Id. ¶ 9.

The Choi parties' arguments challenging the claim for declaratory relief appear to the Court to present factual issues regarding the existence of a limited fund that are better resolved at a later stage of the proceedings. For example, there is a question as to the share of the profits that the Choi parties expected pursuant to the terms of the Kim-Choi joint venture agreement. See Mot. at 3. To the extent that evidence demonstrates that the Choi defendants were unaware of Corbrus' potential competing interest or were told by the Kim parties that the Choi parties' interest in the total Ace Hotel project profits was not subject to Corbrus' interest, the Choi parties may be entitled to compensatory damages computed against the Kim parties without reference to Corbrus. To the contrary, if the Choi parties agreed to take a share of 8th Bridge's profits as reduced by Corbrus' claim, then allocation of damages based on those competing interests may be warranted and may implicate Corbrus' ability to recover from the Kim parties.[6] As such, the Court finds that, taken as true, the allegations in the first amended third party complaint are sufficient to allege a justiciable controversy regarding the share of the profits to which each party is contractually entitled and whether the Choi parties' claim for compensatory damages is limited by 8th Bridge's actual profits from the Ace Hotel project, after accounting for Corbrus' pre-existing interest.[7]

---

[6] The Choi parties reliance on Gherman for the proposition that there can be no justiciable conflict between their damages claims and Corbrus' claims to the Ace Hotel profits is misplaced. Although the Choi parties are correct to the extent that they contend that Gerhman prohibits the Kim parties from pursuing a counterclaim for an accounting of profits specific to a joint venture that the Kim parties have repudiated, Gherman does not speak to the situation presented here, where a party seeks to recover compensatory damages as a percentage of a pool of profits to which there is a competing claim by a claimant not party to the disputed joint venture agreement. See 72 Cal. App. 3d 544, 565, 140 Cal. Rptr. 330 (Ct. App. 1977) (finding that party alleged to have breached joint venture agreement may not "repudiate [its] repudiation and demand an accounting"). Here, because inconsistent adjudications against the Kim parties could impair Corbrus' ability to recover, the complaint alleges a justiciable controversy between the parties.

[7] As the Court found in its order consolidating the Choi and Corbrus actions, "the Choi plaintiffs and Corbrus both claim an entitlement to funds that Kim and his 8th Bridge companies derived from the Ace Hotel project—allowing the same finder of fact [to]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Accordingly, the motion to dismiss the first amended third party complaint is **DENIED**.

### D. Compliance with Rule 11(b)

Having concluded that the first amended third party complaint need not be dismissed, the Court turns to the Choi parties motion for Rule 11 sanctions against the Kim parties' counsel. The Choi parties contend that sanctions are warranted because "the Amended TPC is objectively baseless and made without reasonable inquiry." Mot. for Sanctions at 2. Here, the Rule 11 inquiry focuses on a complaint. Accordingly, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotations and citations omitted); see also Kelter v. Associated Fin. Grp., Inc., 382 Fed. Appx. 632, 633 (9th Cir. 2010) (applying this standard in PSLRA context). "As shorthand for this test, [courts] use the word 'frivolous' to denote a filing that is both baseless and made without a reasonable and competent inquiry." Walker v. Blackground Records, LLC, No. CV 16-4833 FMO (FFMx), 2017 WL 8186040, at *4 (C.D. Cal. Aug. 7, 2017) (quoting Holgate, 425 F.3d at 677).

The Court finds that sanctions are not warranted in this case because the Kim parties' claim for declaratory relief is not "baseless and made without a reasonable and competent inquiry." Id. To the contrary, although the Kim parties may ultimately not be entitled to declaratory relief, the Court concludes that the first amended third party complaint states a claim for declaratory relief based on a reasonable interpretation of the law. As such, the first amended third party complaint is not frivolous. In addition, the Court does not find that the Kim parties initiated their claims for an improper purpose.

Accordingly, the Choi parties' motion for sanctions is **DENIED**.

/ / /

/ / /

/ / /

---

determine Corbrus' and the Choi Plaintiffs' respective rights to these monies best reduces the risk of inconsistent judgments." Choi dkt. 199 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:19-cv-10182-CAS(AFMx) | Date | February 9, 2021 |
|---|---|---|---|
| Title | CORBRUS, LLC v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **DENIES** the Choi parties' motion to dismiss.
2. The Court **DENIES** the Choi parties' motion for sanctions.

IT IS SO ORDERED.

                                           00 : 00
                           Initials of Preparer      CMJ