UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-10182-CAS (AFMx) | Date | August 10, 2022 |
|---|---|---|---|
| Title | CORBRUS, LLC V. DAVID PAZ, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 333, filed on JULY 12, 2022)

**UPON CONSIDERATION OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** and the entire record herein, including the jury trial and verdict, it is hereby **ORDERED** that plaintiff's Application for a Temporary Restraining Order is **GRANTED** based upon the following.

The Court considered the standard applicable to temporary restraining orders which is the same as required for a preliminary injunction. The standard requires plaintiff to demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of the equities support injunctive relief; and (4) that injunctive relief is in the public interest. Winter v. NRDC, Inc., 555 U.S. 7, 24-25 (2008); *accord* Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126-27 (9th Cir. 2009); see also Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052 (9th Cir. 2010).

Based on applicable case law, as well as taking into account an anticipated judgment of up to approximately $3.8 Million, the Court finds that all four Winter factors favor granting the relief requested by plaintiff. Specifically, the Court finds that plaintiff has demonstrated a likelihood of success on the merits and irreparable harm, and that the balance of equities and public interest support granting the relief plaintiff has requested.

**THEREFORE**, for these reasons and those stated on the record, the Court finds that there is good cause for the relief requested and thus **GRANTS** plaintiffs a temporary restraining order as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-10182-CAS (AFMx) | Date | August 10, 2022 |
| Title | CORBRUS, LLC V. DAVID PAZ, ET AL. | | |

1. Defendants shall not dissipate their assets or engage in any transfers of assets, fraudulent or otherwise, which threaten, hinder, or delay in any way plaintiff's ability to collect on plaintiff's anticipated judgment.

2. To the extent defendants have already engaged in the dissipation of assets or transfers that allow defendants to avoid paying plaintiff's anticipated judgment from May 29, 2022, to the present, defendants are ordered to reverse those transactions or transfers forthwith.

3. Nothing herein shall be construed to prevent defendants from (a) encumbering assets for the purpose of securing an appeals bond, or (b) engaging in transactions in the ordinary course of business, including paying bona fide obligations as they become due.  Bona fide obligations include payment of any payroll expense (including payroll taxes, premiums for workers compensation and unemployment insurance), debt service and payment for goods and services for use in defendants' trade, business or profession, not to exceed in the aggregate $200,000 per month, and payment of reasonable legal fees and reasonable costs and expenses required for defendants' representation in the action, and for making reasonable deposits for future legal services to be rendered in connection with an appeal.  Bona fide obligations additionally include payment of taxes if payment is necessary to avoid penalties which will accrue upon any further delay in payment and is also authorized upon approval by the Court.

4. Pursuant to the agreement of the parties, this temporary restraining order shall remain in effect until the posting of a bond that is satisfactory to the Court and that complies with the applicable Federal Rules of Civil Procedure.

5. This order is entered without prejudice to the contentions of the parties regarding the propriety of relief.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |